## Democratic County Executive Committee of Philadelphia v. County Board of Elections of Philadelphia

*Herbert S. Levin*, for plaintiff.

*Henry W. Sawyer, 3rd*, for defendant.

CHUDOFF, J., May 20, 1963.—This case comes before the court as a result of the petition and rule upon the County Board of Elections of Philadelphia to show cause why suggested watchers who are not registered as Democrats and are not registered to vote should not be disqualified. . . .

The question to be decided by the court at this time is whether the requested watchers, who are on the list of Exhibit A of plaintiff's petition that are registered Republican and the list of watchers that are on the list in Exhibit A of plaintiff's petition and are registered nonpartisan, can be issued watchers' certificates even though they are not registered as members of

the Democratic Party and are seeking to be watchers for candidates who are candidates for nomination in the Democratic primary.

A study of the Election Code of June 3, 1937, P. L. 1333, art. IV, sec. 417, provides as follows:

"(a) Each candidate for nomination or election at any primary shall be entitled to appoint two watchers in each election district in which such candidate is voted for . . .

"(b) All watchers so appointed must be qualified registered electors of the district in which they are authorized to act . . ."

This, therefore, leads the court to determine what the code says as to who is a qualified elector. Section 102 of the Act of June 3, 1937, P. L. 1333, art. I, provides as follows:

"(t) The words 'qualified elector' shall mean any person who shall possess *all of the qualifications for voting* now or hereafter prescribed by the Constitution of this Commonwealth, or who, being otherwise qualified by continued residence in his election district, shall obtain such qualifications before the next ensuing election." (Italics supplied.)

This, then, leads us to determine what are *all of the qualifications for voting* as set forth, supra.

It was evidently the intent of the legislature to be concerned as to what constitutes qualifications of electors to vote as they set up in the Election Code a special article known as "Article VII—Qualification of Electors". A reading of this section brings us to section 702 of the Act of June 3, 1937, P. L. 1333, art. VII, which is entitled "Qualification of Electors at Primaries":

"The qualifications of electors entitled to vote at primaries shall be the same as the qualifications of electors entitled to vote at elections within the election district where the primary is held, *provided that no*

*elector who is not registered and enrolled as a member of a political party, in accordance with the provisions of this act, shall be permitted to vote the ballot of such party or any other party ballot at any primary."* (Italics supplied.)

In Pennsylvania we have what is known as the direct primary and, although all of the political parties which are properly set up under the law nominate their candidates for the next ensuing election and their party officers at primaries, each of these primaries is considered in the eyes of the law a separate and distinct election. Shall any person registered as a Republican or nonpartisan be allowed to invade a Democratic primary, as a voter, or as a candidate, or as a watcher? Of course, judges of courts of record can run in all primaries. This is provided for by the Party Raiding Act which was held to be constitutional in the case of Krull v. City and County of Philadelphia, 2 D. & C. 2d 181. This case was affirmed per curiam by the Supreme Court in 382 Pa. 1 (1955).

This court is of the opinion that one cannot be a candidate for office other than judge of a court of record, a voter, or a watcher, in a primary of a party unless he is a registered voter of that party. To hold otherwise would be to encourage one party to work out means and methods of taking over the party machinery and the methods of nominating another party's candidates for election.

All political parties are faced with the problem of intra-party strife and certainly a dispute within that party should be confined to those members of that party. In order to protect the rights of a party member, that party member should not be allowed to go outside the party to have someone represent him in protecting his rights within the party. This court does not have the benefit of any prior decisions to help it in coming to its conclusion, since this is a matter of first

impression within the Election Court. Therefore, the court feels that in reaching this conclusion it is the best logical way to enable political parties to work out their own intra-party problems.

The court, therefore, enters the following

### Order

And now, to wit, May 20, 1963, plaintiff's petition and rule is made absolute and the following persons are disqualified to act as watchers for the candidates as set forth in the foregoing schedule: . . .

Said persons are directed to forthwith surrender to the County Board of Elections of Philadelphia any watcher's certificates they may have received prior to this order and the County Board of Elections of Philadelphia is hereby ordered to notify all judges of election in their respective divisions of their disqualification.

The court further orders that the County Board of Elections of Philadelphia is not to issue watcher's certificates for any candidates in any party appearing on the primary election ballot for May 21, 1963, unless that watcher is an enrolled and registered member of the party of the candidate seeking nomination.